IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WALTER KROLL, on his own behalf
and others similarly situated,

    Plaintiff,

v.                                                                                                    **COLLECTIVE ACTION**

KVZ GOLF, LLC, a Florida Limited
Liability Company, d/b/a Palm Cove
Golf and Yacht Club, and
MIROSLAV VOJTISEK, an individual,
jointly and severally,

    Defendant.
_____/

## COMPLAINT

### INTRODUCTION

1. Plaintiff, WALTER KROLL, on behalf of himself and those similarly situated, sue the Defendant, KVZ GOLF, LLC, a Florida Limited Liability Company, d/b/a Palm Cove Golf and Yacht Club, for failing to pay minimum wages to all unpaid cart attendants, rangers and range pickers, however variously titled (hereinafter "cart attendants, rangers, and range pickers" or "class members") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), the Florida Minimum Wage Act, Florida Statutes §448.110 (FMWA), and Fla. Const. Art. X §24.

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), 28 U.S.C. §1331 and 1337, the Florida Minimum Wage Act ("FMWA"), Florida Statutes §448.110(6), and Fla. Const. Art. X §24.

1

## VENUE

3. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Martin County, Florida and within the Southern District of Florida.

## PARTIES

4. Plaintiff, WALTER KROLL ("Named Plaintiff"), is an individual residing in Martin County, Florida, and is *sui juris,* and was employed by Defendants as a cart attendant.

5. Defendant, KVZ GOLF, LLC, is a Florida Limited Liability Company that at all times material to this Complaint has owned and operated a golf course d/b/a Palm Cove Golf and Yacht Club in Palm City, Florida in Martin County, within the jurisdiction of this Court. Defendant MIROSLAV VOJTISEK is the owner and operator of Palm Cove Golf and Yacht Club and is a proper defendant pursuant to the FLSA and FMWA. Defendants KVZ GOLF, LLC and MIROSLAV VOJTISEK shall hereinafter be referred to as "Defendant".

6. The acts complained of herein were committed in Martin County, Florida.

7. The Named Plaintiff worked for Defendant as a cart attendant in Palm City, Florida between approximately October 15, 2016 and April 10, 2020.

8. The proposed class members are unpaid cart attendants, rangers and range pickers who worked for Defendant during any work weeks within the last five (5) years.

9. The Named Plaintiff and the proposed class members were subjected to the same violations of the FLSA and FMWA. More specifically, Defendant failed to pay any direct wages whatsoever to the Named Plaintiff and the other similarly situated employees. Instead, the Named Plaintiff and other similarly situated cart attendants, rangers and range pickers received tips and the privilege to play golf at no charge (golf privileges) for carrying out their duties for Defendant but they were not paid by Defendant at the rate(s) of

2

$8.05/hour in 2015 and 2016, $8.10/hour in 2017, $8.25/hour in 2018, $8.46/hour in 2019 and $8.54/hour for 2020, for each and every hour worked.

## GENERAL FACTUAL ALLEGATIONS

10. The Named Plaintiff and those similarly situated to him have worked as cart attendants, rangers and range pickers and were entitled under Florida law to be paid by Defendant at the rate(s) of $8.05/hour in 2015 and 2016, $8.10/hour in 2017, $8.25/hour in 2018, $8.46/hour in 2019 and $8.54/hour for 2020 for each and every hour worked within the past five (5) years.

11. At all material times material to this Complaint during one or more work weeks within the last five (5) years, Defendant failed to pay any direct wages whatsoever to the Named Plaintiff and other similarly situated cart attendants, rangers, and range pickers for any of the hours they worked each week for Defendant.

12. More specifically, the Named Plaintiff worked for Defendant as a cart attendant between October 2016 and April 10, 2020 and regularly worked an average of three (3) days per week with shifts that typically ranged between six and eight hours averaging a total of approximately Twenty-One (21) hours per week, all without being paid the minimum wages required by Florida law for each and every hour worked for Defendant, such that based upon the Named Plaintiff being owed an average of 21 hours per week during approximately 32 work weeks each year. Named Plaintiff's damages are more particularly described as follows:

**October 15, 2016 through December 31, 2016 (11 weeks)**
   2016 Minimum Wage: $8.05/hr
   Total of 231 hours (21 hrs times 11 weeks) @ $8.05/hr = **$1,859.55**

**January 1, 2017 through May 31, 2017 (21 weeks)**
   2017 Florida Minimum Wage: $8.10/hr
   Total of 441 hours (21 hrs times 21 weeks) @ $8.10/hr = **$3,572.10**

**October 15, 2017 through December 31, 2017 (11 weeks)**
   2017 Florida Minimum Wage: $8.10/hr
   Total of 231 hours (21 hrs times 11 weeks) @ $8.10/hr = **$1,871.10**

**January 1, 2018 through May 31, 2018 (21 weeks)**
   2018 Florida Minimum Wage: $8.25/hr
   Total of 441 hours (21 hrs times 21 weeks) @ $8.25/hr = **$3,638.25**

**October 15, 2018 through December 31, 2018 (11 weeks)**
   2018 Florida Minimum Wage: $8.25/hr
   Total of 231 hours (21 hrs times 11 weeks) @ $8.25/hr = **$1,905.75**

**January 1, 2019 through May 31, 2019 (21 weeks)**
   Florida Minimum Wage: $8.46/hr
   Total of 441 hours (21 hrs times 21 weeks) @ $8.46/hr = **$3,730.86**

**October 15, 2019 through December 31, 2019 (11 weeks)**
   2019 Florida Minimum Wage: $8.46/hr
   Total of 231 hours (21 hrs times 11 weeks) @ $8.46/hr = **$1,954.26**

**January 1, 2020 through April 10, 2020 (14 weeks)**
   Florida Minimum Wage: $8.56/hr
   Total of 294 hours (21 hrs times 14 weeks) @ $8.56/hr = **$2,516.64**

| | |
|---|---|
| Total of all minimum wages for all years - | $21,048.51 |
| Liquidated damages - | $21,048.51 |
| **Total minimum wages and liquidated damages** | **$42,097.02** |

13. At all times material to this Complaint, Defendant was engaged in interstate commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA and §448.110(6) of the FMWA.

14. At all times material to this Complaint, the annual gross sales volume of Defendant was in excess of $500,000.00 per annum.

15. Defendant's employees ran credit and/or bank (debit) card transactions on a daily basis which transacted business in interstate commerce on a daily basis and also handled such goods as golf balls, golf clubs, golf carts, flagsticks, and golf ball range servers which had travelled in interstate commerce.

4

16. At all times material to this Complaint, Defendant has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by law.

17. At all times material to this Complaint, the Named Plaintiff and other similarly situated cart attendants, rangers, and range pickers were employees of Defendant within the meaning of the FLSA and FMWA.

18. At all times material to this Complaint, Defendant was an employer of the Named Plaintiff and the other similarly situated cart attendants, rangers, and range pickers within the meaning of the FLSA and FMWA.

19. At all material times material hereto to this Complaint, Defendant was subject to the Florida Constitution's provisions on minimum wages.

20. During the statute of limitations period, Defendant has employed the Named Plaintiff and dozens of other cart attendants, rangers, and range pickers ("class members" or the "class") at Palm Cover Golf and Yacht Club in Palm City, Florida, who were subject to the same illegal pay policies and who worked positions and schedules that are similar to that of the Named Plaintiff.

21. The Named Plaintiff and the class members worked for Defendant within the State of Florida without being paid at least the full minimum wage for all hours worked due to Defendant's illegal policy and practice of attempting to use tips paid by customers and golf privileges as a substitute for Defendant's obligation to pay the Named Plaintiff and other similarly situated cart attendants, rangers, and range pickers at the minimum wage required by Florida law for each and every worked for Defendant during one or more work weeks within the past five (5) years.

22. Defendant controlled and/or was responsible for the work of class members.

23. The Named Plaintiff and all similarly situated employees did a specific job for Defendant, namely retrieving, storing, cleaning, charging, refueling, and assigning golf carts, which was and is an integral part of Defendant's business in operating a golf course.

24. For the foregoing reasons, Defendant has violated and continues to violate the FLSA and FMWA and Florida Constitution's provisions on minimum wages.

25. As a result of Defendant's common policy, the Named Plaintiff and each similarly situated cart attendant is entitled to receive $8.05/hour for each hour worked in 2015 and 2016, $8.10/hour for each hour worked in 2017, $8.25/hour for each hour worked in 2018, $8.46/hour for each hour worked in 2019, and $8.54/hour for each hour worked in 2020.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to the Named Plaintiff and other similarly situated cart attendants, rangers, and range pickers are in the possession and custody of Defendant.

## LEGAL CLAIMS
### COUNT I as to Plaintiff and Other Similarly Situated Employees:
### Failure to Pay Minimum Wages in Violation of 29 U.S.C. § 206 By All Defendants

27. The Named Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 through 26 as though fully stated herein.

28. At all relevant times, Defendant has been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, under the FLSA.

29. At all relevant times to this Complaint, Defendant employed, and/or continues to employ the Named Plaintiff and similarly situated cart attendants, rangers, and range pickers.

30. As set forth above, Defendant has throughout the applicable limitations period within the past three (3) years and continuing through the present, had a policy and practice

of attempting to use tips paid by customers and golf privileges as a substitute for Defendant's obligation to pay the Named Plaintiff and other similarly situated cart attendants, rangers, and range pickers at the minimum wage required by Florida law for each and every worked for Defendant during one or more work weeks within the past three (3) years, with Defendant paying the Named Plaintiff and the other similarly situated cart attendants, rangers, and range pickers no direct hourly wages whatsoever.

31. Defendant's policy and practice violates the FLSA's minimum wage requirements.

32. Defendant's failure to pay the Named Plaintiff and other cart attendants, rangers, and range pickers the full minimum wage is a violation of the FLSA, 29 U.S.C. §§ 206 and 18(a).

33. Defendant never provided the Named Plaintiff or the other similarly situated class members with proper notice required by the law and its implementing regulations that any amount of the Named Plaintiff's and other class members' tips would count toward satisfying Defendant's minimum wage obligation, such that Defendant is not entitled to any benefit of the law's tip-credit provisions.

34. The foregoing acts and conduct of Defendant, as alleged, constitutes a willful violation of the FLSA.

### COUNT II as to Plaintiff and Other Similarly Situated Employees: Failure to Pay Minimum Wages in Violation of Florida Minimum Wage Act F.S. §448.110 By All Defendants

35. The Named Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 through 26 as though fully stated herein.

36. At all relevant times, Defendant has been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, under the Florida Minimum Wage Act.

37. At all relevant times to this Complaint, Defendant employed, and/or continues to employ the Named Plaintiff and similarly situated cart attendants, rangers, and range pickers.

38. As set forth above, Defendant has throughout the applicable limitations period within the past five (5) years and continuing through the present, had a policy and practice of attempting to use tips paid by customers and golf privileges as a substitute for Defendant's obligation to pay the Named Plaintiff and other similarly cart attendants, rangers, and range pickers at the minimum wage required by Florida law for each and every worked for Defendant during one or more work weeks within the past five (5) years, with Defendant paying the Named Plaintiff and the other similarly situated cart attendants, rangers, and range pickers no direct hourly wages whatsoever.

39. Defendant's policy and practice violates the Florida Minimum Wage Act's requirements.

40. Defendant's failure to pay the Named Plaintiff and other cart attendants, rangers, and range pickers the full minimum wage is a violation of the Florida Minimum Wage Act, F.S. §448.110.

41. Defendant never provided the Named Plaintiff or the other similarly situated class members with proper notice required by the law and its implementing regulations that any amount of the Named Plaintiff's and other class members' tips would count toward satisfying Defendant's minimum wage obligation, such that Defendant is not entitled to any benefit of the law's tip-credit provisions.

42. The foregoing acts and conduct of Defendant, as alleged, constitutes a willful violation of the Florida Minimum Wage Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and F.S. §448.110, and pray for this Court to grant the following relief:

A. To authorize the issuance of notice at the earliest possible time to all current and former employees who were employed by Defendant who were similarly deprived of minimum wages. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid minimum wages as required by the FLSA and the FMWA;

B. To declare that Defendant has violated the minimum wage provisions of the FLSA, 29 U.S.C. §§ 206 and 18(a), and F.S. §448.110, as to Named Plaintiff and persons similarly situated;

C. To declare that Defendant's violations of the FLSA and FMWA were willful;

D. To award Named Plaintiff and other similarly situated current and former employees of Defendant adequate damages for the amount of unpaid minimum wage compensation they are owed, subject to proof at trial;

E. To award Named Plaintiff and other similarly situated current and former employees of Defendant liquidated damages in an amount equal to the unpaid minimum wages shown to be paid late pursuant to 29 U.S.C. §216(b) and the FMWA;

F. To make the same declarations and awards as prayed for in paragraphs A-E above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b) and the FMWA;

and

G.  To award Named Plaintiff and other similarly situated current and former employees of Defendant their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and the FMWA.

### Jury Demand

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

### CONSENT TO JOIN
### PURSUANT TO 29 U.S.C. §216(b)

I, Walter Kroll, hereby consent and agree and opt-in to become a plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., and Florida Minimum Wage Act, F.S. §448.110.

*/s/ Walter Kroll*
Walter Kroll

Dated:  May 15, 2020

        Respectfully submitted,

By:  */s/ Robert S. Norell, Esq.*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Named Plaintiff*