**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No. 2:20-cv-14150-RLR**

| | |
|---|---|
| WALTER KROLL, on his behalf and others similarly situated,, <br><br> Plaintiff <br><br> v. <br><br> KVZ GOLF, LLC, a Florida Limited Liability Company, d/b/a Palm Cove Golf and Yacht Club, <br><br> Defendant. | **COLLECTIVE ACTION** |

## JOINT MOTION FOR SETTLEMENT CONFERENCE

Plaintiff Walter Kroll and Defendant KVZ GOLF, LLC, a Florida Limited Liability Company, d/b/a Palm Cove Golf and Yacht Club (collectively, the "Parties"), by and through their undersigned counsel, respectfully request a Settlement Conference with a Magistrate Judge and a corresponding stay of the case through the date of the Settlement Conference, and state as follows:

1. The Court may order the Parties to appear at a settlement conference to facilitate settlement in this matter pursuant to Federal Rule of Civil Procedure 16(a)(5). The District's Local Rules permit such conferences to be conducted by a magistrate. *See* Rule 1(i)(2) of the Magistrate Rules of the Southern District of Florida.

2. Plaintiff filed his Complaint on May 15, 2020, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Florida Minimum Wage Act ("FMWA") (ECF No. 1). Defendant filed an Answer on August 7, 2020 (ECF No. 24) after Plaintiff amended his complaint on July 14, 2020 (ECF No. 12). This is a straight-forward and uncomplicated FLSA

and FMWA case in which Plaintiff alleges Defendant failed to pay him minimum wage from October 15, 2016, through April 10, 2020.

3. Since then, the Parties engaged in settlement discussions, but unfortunately, these discussions stalled. Accordingly, the Parties believe that a magistrate-supervised settlement conference would be advantageous in bringing about the expedient resolution of this matter. Indeed, a magistrate supervised settlement conference will be the most effective method of imparting upon them the economic and legal realities of this lawsuit—thereby facilitating potential settlement—before they become further immersed in costly and time-consuming litigation.

4. The parties do not agree on whether a stay of the proceedings, including discovery, is in order. Defendant believes that a stay of the proceedings is proper and will help in potentially resolving the case.

5. For example, Plaintiff has served voluminous (and unnecessary) discovery requests, including **183 Request for Admissions, 79 Request for Production**, and requested 5 depositions, before the Settlement Conference will only serve to increase legal fees and costs, making the case more difficult to resolve. Additionally, staying the case is not sought for delay and no prejudice will result to either party.

6. Plaintiff, however, refuses the stay and wants to proceed with the litigious related discovery, which will drive up fees and costs.

WHEREFORE, and for good cause shown, the Parties respectfully request a Settlement Conference with a Magistrate Judge and a stay of the case through the date of the Settlement Conference or further jointly requested relief granted by the Court in connection with the Settlement Conference.

Dated: October 23, 2020.                    Respectfully submitted,

By:  /s/ Sherril M. Colombo
Sherril M. Colombo, Esq.
Florida Bar No. 948799
Stefanie M. Mederos, Esq.
Florida Bar No. 12041

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue
Suite 2700
Miami, FL  33131
E-Mail:  scolombo@littler.com
E-mail:  smederos@littler.com
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

**ATTORNEYS FOR DEFENDANT**