UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:20-CV-14150-MAYNARD

WALTER KROLL, on his own
behalf and others similarly situated,

  Plaintiff,

vs.

KVZ GOLF, LLC, a Florida Limited,
Liability Company d/b/a PALM COVE GOLF
AND YACHT CLUB,

  Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, WALTER KROLL, and Defendant, KVZ GOLF, LLC d/b/a PALM COVE GOLF AND YACHT CLUB, by and through their respective undersigned counsel and pursuant to Fed. R. Civ. 41(a)(2) and the *Order of Court-Mandated Requirements in FLSA-Based Cases* [D.E. 35] (the "Court's Order") entered by the Court, file this Motion, and respectfully state as follows:

1. Plaintiff filed the instant action seeking to recover unpaid wages, liquidated damages, attorneys' fees and costs from Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") and Florida's Minimum Wage Act, Fla. Stat. §448.110 (the "Minimum Wage Act").

2. The Defendant denies having committed any violations of FLSA or Minimum Wage Act with respect to Plaintiff and, for purposes of settlement and compromise only, wishes to resolve the Complaint without the expense, delay, and burden of further litigation without any

adjudication on the merits of this action and without any admission by Defendant of any alleged violation of the FLSA, Minimum Wage Act or any other law.

3. According to *Plaintiff's Statement of Claim* [D.E. 10], Plaintiff originally estimated he was owed $21,048.51 in unpaid wages, plus an equal amount as liquidated damages, attorneys' fees and costs.

4. Defendant contends that Plaintiff was an independent contractor and that, even if he was an employee, it acted with a good faith belief that it was compensating Plaintiff appropriately and Plaintiff has overestimated the hours that he is claiming.

5. After considering the discussions regarding each of the parties' respective positions and potential defenses, the parties agreed to terms to resolve Plaintiff's claims.

6. Pursuant to the Court's Order, a copy of the *Confidential Settlement and General Release Agreement* (the "Settlement Agreement") executed by the respective parties is attached as Exhibit "A." The parties hereby confirm that the Settlement Agreement includes every term and condition of the parties' settlement.

7. The amount to be paid to Plaintiff pursuant to the Settlement Agreement has **not** been and will **not** be compromised by the deduction of attorneys' fees, costs, or expenses pursuant to any contract between Plaintiff and his counsel or otherwise.

8. Plaintiff's counsel represents the attorneys' fees to be paid pursuant to the Settlement Agreement amounts to a compromise of, and reduction in, the actual attorneys' fees incurred by Plaintiff's counsel.

9. Plaintiff's counsel represents that his time records are attached as Exhibit B and reflect Plaintiff's counsel has expended a total of 36.2 hours to date in the prosecution of the instant action.

10. Plaintiff's counsel further represents that he has experience representing individual employees with wage and hour issues and claims in federal and state courts, as well as mediating numerous minimum wage and/or unpaid wage cases.

11. Plaintiff's counsel represents that his regular rate for this case was $395/hour and, Plaintiff's counsel to date has expended $14,299.00 in fees, and incurred $1,376.25 in costs representing Plaintiff.

12. Based on the foregoing information, the parties submit that the attorneys' fees and costs to be paid as part of the Settlement Agreement are reasonable.

13. In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve a settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

14. Per the Settlement Agreement, the parties "stipulate and agree that the Settlement Sum, including the attorney's fees paid as part thereof, is a fair and reasonable settlement of [Plaintiff's] FLSA and minimum wage claims." Settlement Agreement at ¶3.

15. As part of the settlement reached between the parties, Plaintiff has agreed to the dismissal of this action with prejudice with the parties to bear their own fees and costs, except as provided for in the Settlement Agreement, upon approval by the Court of the Settlement Agreement.

16. The parties stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement, conditioned upon the Court retaining jurisdiction over the matter for 30 days to enforce the terms of the Settlement Agreement.

17. Pursuant to Local Rule 7.1(a)(2) of the Local Rules for the Southern District of Florida, a proposed order is attached hereto.

WHEREFORE, the parties respectfully request that this Court enter the attached proposed Order: (i) approving the Settlement Agreement; (ii) dismissing with prejudice the claims made by Plaintiff against Defendant in this action with the parties to bear their own fees and costs, except as provided for in the Settlement Agreement; (iii) retaining jurisdiction to enforce the Settlement Agreement for a period of 30 days; (iv) denying as moot all pending motions; and (v) awarding such other relief as is just and proper under the circumstances.

Respectfully submitted on December 21, 2020,

| **Robert S. Norell, P.A.** | **LITTLER MENDELSON, P.C.** |
|---|---|
| 300 N.W. 70th Avenue, Suite 305 | Wells Fargo Center |
| Plantation, Florida 33317 | 333 SE 2nd Avenue, Suite 2700 |
| Telephone: (954) 617-6017 | Miami, Florida 33131 |
| Facsimile: (954) 617-6018 | Tel: (305) 400-7500 |
|  | Fax: (305) 675-8497 |
| */s/Robert S. Norell* |  |
| Robert S. Norell, FBN: 996777 | By: */s/ Stefanie M. Mederos* |
| E-mail: rob@floridawagelaw.com | Sherril Colombo, Esq. |
| *COUNSEL FOR PLAINTIFF* | Florida Bar No. 948799 |
|  | E-mail: scolombo@littler.com |
|  | Stefanie M. Mederos, Esq. |
|  | Florida Bar No. 12041 |
|  | E-mail: smederos@littler.com |
|  | Secondary: ccano@littler.com |
|  | *COUNSEL FOR DEFENDANT* |