## CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Confidential Settlement and General Release Agreement ("AGREEMENT") is entered into by and between WALTER KROLL ("KROLL") and KVZ GOLF, LLC d/b/a Palm Cove Golf and Yacht Club ("KVZ GOLF") (collectively referred to as the "Parties"). The individual(s) executing this Agreement on behalf of Defendant has all requisite capacity, power and authority to bind Defendant to this Agreement, and to perform all obligations hereunder.

## RECITALS

This AGREEMENT is made with reference to the following facts:

A.   **WHEREAS,** KROLL filed an action against KVZ GOLF entitled *Walter Kroll v. KVZ GOLF, LLC d/b/a Palm Cove Golf and Yacht Club*, CASE NO. 20-cv-14150-MAYNARD in the United States District Court of the Southern District of Florida in Miami, Florida (the "ACTION"); and

B.   **WHEREAS,** KVZ GOLF denies the validity of KROLL'S claims and denies that it is subject to any liability; and

C.   **WHEREAS,** all Parties wish to settle their differences without resort to further litigation; and

D.   **WHEREAS,** KVZ GOLF is willing to provide KROLL with certain consideration described below, which it is not ordinarily required to, provided KROLL releases KVZ GOLF from any and all claims arising out of the ACTION and his employment with KVZ GOLF, and agrees to comply with the other promises and conditions set forth in this AGREEMENT; and

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1.   **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2.   **Definitions:** Throughout this AGREEMENT, the term "KVZ GOLF" shall include the following:

(A)   KVZ GOLF, LLC d/b/a Palm Cove Golf and Yacht Club, its past, present and future parent companies, holding companies, subsidiaries, affiliates, and each of their officers, directors, stockholders, owners (including but not limited to Miroslav Vojtisek), members, managers, employees, agents, investors, representatives (collectively referred to as the "Released Parties"); and

(B)   Any officer, director, trustee, attorney, agent, employee, or insurer of an entity encompassed by subparagraph (A).

3.   **Settlement Sum:** As consideration for signing this AGREEMENT and compliance with the promises made herein, KVZ GOLF agrees to pay KROLL the gross sum of TWENTY-SIX THOUSAND FIVE HUNDRED DOLLARS AND 00/100 CENTS ($26,500.00) (the "Settlement Sum"), which shall be allocated as follows:

(A)   Eight Thousand Dollars and 00/100 Cents ($8,000.00), less applicable withholdings, made payable to WALTER KROLL as full and final settlement for his claims for unpaid wages pursuant to the FLSA and Minimum Wage Act for which a W-2 will be issued;

(B)   Eight Thousand Dollars and 00/100 Cents ($8,000.00) made payable to WALTER KROLL as full and final settlement for his claims for liquidated damages pursuant to the FLSA for which a 1099 will be issued; and

(C)   Ten Thousand Five Hundred Dollars and 00/100 Cents ($10,500.00) made payable to Robert S. Norell, P.A. for all fees and costs incurred in connection with the ACTION for which amount a Form 1099 will be provided to KROLL and his attorneys.

The Parties stipulate that the Settlement Sum, including the attorney's fees paid as part thereof, is a fair and reasonable settlement of KROLL's FLSA and minimum wage claims. KVZ GOLF shall provide the consideration identified in this paragraph 3 to KROLL at the address set forth in Paragraph 20 no later than ten (10) days after satisfaction of all of the following conditions precedent:

(1) receipt by counsel for KVZ GOLF of this AGREEMENT appropriately hand-signed and dated by KROLL;

(2) receipt by counsel for KVZ GOLF of IRS Form W-4 fully executed by KROLL and IRS Forms W-9 fully executed by both KROLL and his counsel;

(3) expiration of the Review/Revocation Period in Paragraph No. 23 without KROLL having exercised any revocation rights; and

(4) entry in the ACTION of an Order approving of the settlement terms set forth in this AGREEMENT to provide for the dismissal of the ACTION with each party to bear its own legal fees and costs following payment of the consideration set forth herein. The Parties agree that they and their respective counsel shall cooperate and execute such other documents or pleadings as may be necessary for the approval of this Agreement and the dismissal with prejudice of the Lawsuit.

This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after KVZ GOLF has received all of the items described in this paragraph).

4. **Consideration:** KROLL understands and agrees that he would not receive all of the monies and/or benefits specified in paragraph 3 above, but for his execution of this AGREEMENT and the fulfillment of the promises contained herein. KROLL agrees that this Agreement constitutes a full and complete settlement of his claims. KROLL further agrees that he will not seek any further compensation for any other claimed damage, costs, or attorneys' fees in connection with the ACTION encompassed in this AGREEMENT.

5. **General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, KROLL, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges KVZ GOLF, and each of its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities ("Related Persons") of and from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that KROLL may now have, has ever had, or hereafter may have relating directly or indirectly to his provision of services to and alleged employment with KVZ GOLF, including, but not limited to, claims for wages; back pay; front pay; reinstatement; damages; attorneys' fees; or benefits. KROLL also releases any and all claims he may have that arose prior to the date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under Florida Statute Section 440.205, Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Americans with Disabilities Act of 1990; the Age Discrimination in Employment Act, as amended (ADEA); the Rehabilitation Act of 1973; Florida's minimum and unpaid wage laws; Sections 1981 through 1988 of Title 42 of the United States Code; the Immigration Reform and Control Act; the Workers Adjustment and Retraining Notification Act; the Occupational Safety and Health Act; the Family and Medical Leave Act; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974; The Fair Labor Standards Act; the Age Discrimination in Employment Act; the National Labor Relations Act; the Florida Civil Rights Act of 1992; and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim. KROLL also releases all claims made and all claims

3

that could have been made in the ACTION, and hereby specifically releases said claims.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT. Nothing in this paragraph or this AGREEMENT is intended to limit or restrict any rights KROLL may have to enforce this AGREEMENT, or any other rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. KROLL agrees and covenants not to file any suit, charge, or complaint against KVZ GOLF in any court or administrative agency, with regard to the matters encompassed by this AGREEMENT. KROLL further represents that, with the exception of the Action described in the Recitals' subparagraph (A), no claims, complaints, charges, or other proceedings are pending in any court, administrative agency, commission or other forum relating directly or indirectly to KROLL's provision of services to and alleged employment with, or separation from, KVZ GOLF. Nothing in this Agreement shall be construed to prohibit KROLL from filing a charge with the Equal Employment Opportunity Commission ("Commission"), National Labor Relations Board ("NLRB") or any other federal, state, or local agency or participating in any investigation or proceeding conducted by such administrative agencies or from exercising rights under Section 7 of the NLRA to engage in joint activity with other employees, although by signing this Agreement KROLL is waiving rights to individual relief based on claims asserted in such a charge or complaint, except where such waiver of individual relief is prohibited.

6. **Tax Liability:** KROLL understands that KVZ GOLF shall issue an IRS Form 1099 to KROLL and his legal counsel for those portions of the payment specified in paragraph 3 of this AGREEMENT. In paying the amount specified in paragraph 3, KVZ GOLF makes no representation regarding the tax consequences subject to the issuance of a Form 1099 or liability arising from said payment. KROLL understands and agrees that any and all tax liability that may be due or become due because of the payment subject to the issuance of a Form 1099 is his sole responsibility, and that he will pay any such taxes that may be due or become due. KVZ GOLF has no monetary liability or obligation regarding the payment subject to the issuance of Form 1099 whatsoever. KROLL agrees to bear all tax consequences, if any, attendant upon the payment to them of the sums subject to the issuance of Form 1099. KROLL further agrees to hold KVZ GOLF harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines, or assessments brought or sought by any taxing authority or governmental agency with regard to the sums subject to the issuance of Form 1099.

7. **Affirmations:** KROLL represents and affirms that, other than the instant proceeding, he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against KVZ GOLF with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other

agency or board.  KROLL further represents and affirms that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him, except as provided for in this AGREEMENT.

8.   **No Employment:**   KROLL permanently, unequivocally and unconditionally waives any and all rights KROLL may have, may have had in the past, or may have in the future to obtain employment with KVZ GOLF or resume providing any services on its property. KROLL further agrees never to apply for employment with KVZ GOLF, its parent, successors, affiliated companies and/or subsidiaries.  In the event that Kroll is ever mistakenly employed by KVZ GOLF, its parent, successors, affiliates, and/or subsidiaries, KROLL agrees to have his employment terminated with no resulting claim or cause of action against the Related Persons.

9.   **No Assignment:**   The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10.   **KROLL'S Non-Disclosure and Non-Disparagement Obligations:**

  (A)   In consideration of KVZ GOLF's obligations under this AGREEMENT, KROLL agrees that that neither KROLL nor his heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any terms of this AGREEMENT to any third person(s), including, but not limited to, representatives of the media or other present or former associates of KVZ GOLF, under any circumstances, except KROLL may disclose the terms of this AGREEMENT to his attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law ("Third Parties"); provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 10 and all of its subparts.

  (B)   KROLL agrees that, in all future communications and interactions with any and all third parties in any public or private forum, he will not provide information, issue statements, take any action, directly or indirectly, expressly or impliedly, anonymously or pseudonymously, regarding KVZ GOLF in a detrimental, derogatory or disparaging manner. For purposes of this Section, "detrimental, derogatory or disparaging" shall mean any negative or critical statement, whether written or oral in any form of

communication, forum or media format whatsoever, that could be harmful to or reflect negatively on KVZ GOLF, its officers, directors or employees (and/or any of the Released Parties) or that could otherwise be harmful or reflect negatively on any of their business or personal reputations or goodwill. This restriction includes, but is not limited to, social media postings such as on Facebook, Instagram or LinkedIn.

(C)     KROLL will not voluntarily aid or assist, either directly or indirectly, any individual or entity in the assertion or pursuit of any private claim or the prosecution of any private lawsuit, action, arbitration or judicial or administrative proceeding now existing or hereinafter arising against the Released Parties.. Nothing contained in this Paragraph shall be construed to limit the rights provided in Paragraph 22 of this AGREEMENT or Plaintiff's obligation to respond to any requests in the form of a valid subpoena, deposition notice, court order or similar judicial, administrative, governmental or regulatory request, which requires Plaintiff to appear at trial, deposition or a court or administrative hearing to give truthful testimony. Plaintiff agrees, however, that if he receives any subpoena, deposition notice, court order and/or other formal request for testimony, he will immediately inform KVZ GOLF in writing in accordance with the Notice provisions set forth in Paragraph 20.

(D)     KROLL acknowledges that a violation of paragraph 10 or any of its subparts would cause immeasurable and irreparable damage to KVZ GOLF in an amount incapable of precise determination. Accordingly, KROLL agrees that KVZ GOLF shall be entitled to injunctive relief in any court of competent jurisdiction for any actual or threatened violation of paragraph 10 and all of its subparts, in addition to any other available remedies.

11.     **KVZ Golf's Non-Disparagement Obligations:**     KVZ GOLF will instruct Miroslav Vojtisek not to speak about this matter or disparage KROLL and to maintain as confidential the terms of this Agreement, except when speaking with KVZ GOLF's attorneys, tax consultants, and financial advisors, as necessary to effectuate the terms of this Agreement, and in connection with reasonable business purposes, unless otherwise directed to do so by a Court of law or other regulatory body, to respond to a subpoena, or as otherwise required by any law, rule or regulation of any governmental agency or regulatory authority. Vojtisek agrees that, in all future communications and interactions with any and all third parties in any public or private forum, he will not provide information, issue statements, take any action, directly or indirectly, expressly or impliedly, anonymously or pseudonymously, regarding KROLL in a detrimental, derogatory or disparaging manner. For purposes of this Section, "detrimental, derogatory or disparaging" shall mean any negative or critical statement, whether written or oral in any form of communication, forum or media format whatsoever, that could be harmful to or

reflect negatively on KROLL, or that could otherwise be harmful or reflect negatively on any of his business or personal reputations or goodwill. This restriction includes, but is not limited to, social media postings such as on Facebook, Instagram or LinkedIn.

KVZ GOLF shall provide a neutral verification of KROLL's provision of services to and alleged employment with KVZ GOLF to any prospective employer and such reference shall be limited to KROLL's job title and dates of services. In connection therewith, KROLL agrees that he will refer any prospective employer or other third party to contact Miroslav Vojtisek at mirekv@earthlink.net to verify Employee's employment. Should KROLL fail to use this sole method to obtain employment verification, KVZ GOLF makes no guarantees of any neutral employment reference and KROLL waives any right to bring a claim against KVZ GOLF relating to the content of such reference if he uses any other or additional means for employment verification.

12. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the state of Florida without regard to its conflict of laws provision. Further, the Parties agree that federal and state courts in Martin County shall have personal jurisdiction over him with regards to any action brought to enforce this AGREEMENT. In the event either party breaches any provision of this AGREEMENT, each party affirms that either party may institute an action to specifically enforce any term or terms of this AGREEMENT. The Parties agree that the state courts of Florida shall have continuing jurisdiction over the instant action for ninety (90) days following the dismissal of the action.

13. **Conditions:** Should one party ever breach any provision or material obligation under this AGREEMENT, upon a proven breach that party explicitly agrees to pay all damages (including, but not limited to, litigation and/or defense costs, expenses, and reasonable attorney's fees) incurred by the non-breaching party as a result of the breach. Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies the Parties may have by virtue of this AGREEMENT or otherwise.

14. **No Admission of Liability or Retracting of Claims Made:** The Parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at any time for any purpose as an admission by KVZ GOLF of any liability or unlawful conduct of any kind in this or any other proceeding, nor shall it be deemed a retractment of the claims made by KROLL.

15. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretive of the contents of such provision.

16. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. The Parties agree not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The Parties acknowledge that only Miroslav Vojtisek has the authority to modify this AGREEMENT on behalf of KVZ GOLF.

17. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between the Parties and shall not be construed against the "drafter" of the AGREEMENT. If any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT.

18. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

19. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior obligation of KVZ GOLF to KROLL, and any prior confidentiality, non-solicitation, non-disparagement, jury waiver, arbitration, venue selection and choice of law provisions between the parties are excepted from this paragraph and shall survive this AGREEMENT. KROLL acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

20. **Notice Requirements:** Each notice ("Notice") provided for under this AGREEMENT, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by E-Mail addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon the date it is sent. Any party shall have the right from time to time to change the e-mail address or individual's attention to which notices to it shall be sent by giving to the other party

at least ten (10) days' prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

KVZ GOLF LLC d/b/a Palm Cove Golf and Yacht Club
c/o Stefanie Mederos, Esq.
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
E-mail Address: smederos@littler.com; scolombo@litler.com

WALTER KROLL
c/o Robert Norell, Esq.
Robert S. Norell, P.A.
300 N.W. 70th Avenue, Suite 305
Plantation, Florida 33317
E-mail Address: rob@floridawagelaw.com; assistant@floridawagelaw.com

21.  **Selective Enforcement:**  The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

22.  **Right to Engage in Protected Activity: Nothing in this AGREEMENT including but not limited to the General Release of Claims, No Further Employment, Non-Disclosure, Non-Disparagement, Conditions Paragraphs, or any other Paragraphs whether referencing this Paragraph or not, prevents KROLL from filing a charge or complaint with, from participating in an investigation or proceeding conducted by, providing information to, or otherwise assisting the EEOC, NLRB, SEC, or any other federal, state or local agency charged with the enforcement of any laws, or from exercising rights under Section 7 of the NLRA to engage in joint activity with other employees, although by signing this AGREEMENT KROLL is waiving rights to individual relief (including front pay, back pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint or other proceeding brought by KROLL or on his behalf by any third party, except for any right KROLL may have to receive a payment from a government agency (and not the Company) for information provided to the government agency or otherwise prohibited.**

22.  **Signatures in Counterparts:**  This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Such counterparts shall together constitute one and the same

document. The Parties agree that facsimile and/or scanned signatures shall be treated as original signatures.

23. **Compliance with Older Workers Benefit Protection Act:** KROLL, being 40 years of age or older and having the intent to release any claims under the Age Discrimination in Employment Act as set forth in Paragraph 5, is advised of and acknowledges the following:

(A) Twenty-One Day Consideration Period. KROLL shall have up to twenty-one (21) days to consider and accept the terms of this Agreement by fully executing and notarizing it below, and returning it to KVZ GOLF, as identified in Paragraph No. 20. During this twenty-one (21) day period and before signing this Agreement, KROLL is encouraged to consult with an attorney regarding the terms and provisions of this Agreement, at his own expense. The terms and provisions of this Agreement are null and void if not accepted by KROLL within the twenty-one (21) day period. KROLL may sign the Agreement prior to the conclusion of the twenty-one (21) day period.

(B) Release of Age Discrimination in Employment Act Claims. By signing this Agreement, KROLL waives any claims he has or might have against KVZ GOLF under the Age Discrimination in Employment Act ("ADEA") that accrued prior to the date of KROLL'S execution of the Agreement.

(C) Revocation Period. KROLL shall have seven (7) calendar days from the date he signs this Agreement to revoke the Agreement by notifying KVZ GOLF in writing prior to the expiration of the seven (7) calendar day period. Any revocation within this period must state, "I hereby revoke my acceptance of our Agreement and General Release." The written revocation must be sent to KVZ GOLF in the manner proscribed by Paragraph No. 20 above and by depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air) addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) to the address set forth in Paragraph No. 20, and must be sent within seven (7) calendar days of KROLL's execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

**KROLL IS HEREBY ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

**KROLL AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE,**

MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, KROLL FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST KVZ GOLF.

ACCEPTED AND AGREED:

Dated: 12 - 19 - 2020

**WALTER KROLL**

Dated: _____

**KVZ GOLF LLC d/b/a Palm Cove Golf and Yacht Club**

By: _____

Print Name: _____

Title: _____

MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, KROLL FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST KVZ GOLF.

ACCEPTED AND AGREED:


Dated: _____          _____
                                **WALTER KROLL**


Dated: 12-21-2020               KVZ GOLF LLC d/b/a Palm Cove Golf and Yacht Club

                                By: _____

                                Print Name: MIROSLAV VOJTISEK

                                Title: MANAGING MEMBER