UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14150-CIV-MAYNARD

**WALTER KROLL,**

    **Plaintiff,**

v.

**KVZ GOLF, LLC,**
d/b/a Palm Cove Golf and Yacht Club, and
**MIROSLAV VOJTISEK,**

    **Defendants.**
_____/

**ORDER ON JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT (DE 36) and ORDER DISMISSING THE CASE WITH PREJUDICE**

**THIS CAUSE** comes before this Court upon the parties' Joint Motion for Approval of Parties' Settlement Agreement (DE 36) filed on December 21, 2020. Plaintiff initiated this action on May 15, 2020 for alleged minimum wage violations pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, ("FLSA") and Florida's Minimum Wage Act, Fla. Stat. § 448.110. *See* DE 1. The parties (both of whom are represented by legal counsel) settled this FLSA lawsuit in its entirety after a Settlement Conference held with the Court on December 4, 2020. DE 32. They now move Court to approve of their Settlement Agreement, filed at Docket Entry 36-1; dismiss all claims with prejudice; and retain jurisdiction to enforce the Settlement Agreement for a period of 30 days. DE 36.

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair

and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore a court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where, as here, the settlement agreement was entered into in an adversarial context and both sides were represented by counsel throughout the litigation, the settlement agreement is "more likely to reflect a reasonable compromise over issues[.]". *Id.*

This Court has reviewed that agreement and finds it to be a fair and reasonable resolution of the Plaintiff's FLSA claims. *See id.* at 1353; *see also*, *Silva v. Miller*, 307 F. App'x 349 (11th Cir. 2009). This Court finds the amount that Plaintiff and his counsel each is recovering to be reasonable under the requirements of the above-cited case law. The Plaintiff is recovering wages and damages, and his attorney is recovering a separate award for fees and costs. The parties reached their compromise with the benefit of sufficient information and investigation. Although Defendants still dispute the merit of Plaintiff's lawsuit, Defendants agree that the payments they are making constitute a fair compromise and will spare them additional litigation expense. This Court finds all other terms of the parties' Settlement Agreement reasonable, too. It is therefore,

**ORDERED AND ADJUDGED** that the parties' Joint Motion for Approval of Parties' Settlement Agreement (DE 36) is **GRANTED**. It is further,

**ORDERED AND ADJUDGED** that the parties' Settlement Agreement (DE 36-1) is **APPROVED** as a fair and reasonable resolution of the Plaintiff's FLSA claims and this litigation on the whole. It is lastly,

**ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the parties' Settlement Agreement for 30 days pursuant to the terms to which the parties stipulate at DE 36.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 20th day of January, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE